JS 44 (Rev 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Kennedy, Scott E. | Barnett Outdoors, LLC, Plano Synergy Holdings, Inc., Heartland America, Inc |

**(b)** County of Residence of First Listed Plaintiff   Bucks County, PA
*(EXCEPT IN U S PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Pinellas County, FL
*(IN U S PLAINTIFF CASES ONLY)*

NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Leonard Hill, Jason Javie, Hill and Associates, 1700 Market Street, Suite 3150, Philadelphia, Pennsylvania 19103 (215) 567-7600

Attorneys *(If Known)*

N/A

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U S Government Plaintiff
- ☐ 2  U S Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for  Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | Exchange |
| | ☐ 362 Personal Injury - Medical Malpractice | Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
28 U.S.C. Sections 1332(a)(1) and 1332 (c)(1)

Brief description of cause
Action for injuries sustained while using defective product, Diversity action

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv P

**DEMAND $**
1,000,000 00

CHECK YES only if demanded in complaint
**JURY DEMAND:**  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____   DOCKET NUMBER _____

SEP 4 2019

DATE  9-4-19

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG JUDGE_____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**19   4032**

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1418 Arbutus Avenue, Langhorne, Pennsylvania 19047

Address of Defendant: 955 Live Oak Street, Tarpon Springs, Florida 34689

Place of Accident, Incident or Transaction: Bucks County, Pennsylvania

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions.

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 09/04/2019   _____ (must sign here)   PA 309840
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I D # (if applicable)*

---

**CIVIL: (Place a ✓ in one category only)**

**A.   Federal Question Cases:**

- ☐ 1  Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2  FELA
- ☐ 3  Jones Act-Personal Injury
- ☐ 4  Antitrust
- ☐ 5  Patent
- ☐ 6  Labor-Management Relations
- ☐ 7  Civil Rights
- ☐ 8  Habeas Corpus
- ☐ 9  Securities Act(s) Cases
- ☐ 10  Social Security Review Cases
- ☐ 11  All other Federal Question Cases
  *(Please specify)* _____

**B.   Diversity Jurisdiction Cases:**

- ☐ 1  Insurance Contract and Other Contracts
- ☐ 2  Airplane Personal Injury
- ☐ 3  Assault, Defamation
- ☐ 4  Marine Personal Injury
- ☐ 5  Motor Vehicle Personal Injury
- ☐ 6  Other Personal Injury *(Please specify)* _____
- ☑ 7  Products Liability
- ☐ 8  Products Liability — Asbestos
- ☐ 9  All other Diversity Cases
  *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Jason Javie, counsel of record or pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs

☐ Relief other than monetary damages is sought.

SEP - 4 2019

DATE 09/04/2019   _____ (sign here if applicable)   PA 309840
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I D # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

GAM

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

Scott E. Kennedy                                         CIVIL ACTION

v.

Barnett Outdoors, LLC
Plano Synergy Holdings Inc.                    NO.   19    4032
Heartland America Inc.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (√)

9-4-19          JASON JAVIE          SCOTT E. Kennedy
**Date**          **Attorney-at-law**          **Attorney for**

215-567-7600   215-405-2724   jason@hilljustice.com

**Telephone**          **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02

SEP - 4 2019

 

$400

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|   |   |   |
|---|---|---|
| **SCOTT E. KENNEDY** | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | CASE NO. **19  4032** |
| **vs.** | : | |
| | : | |
| **BARNETT OUTDOORS, L.L.C.** | : | **\*JURY TRIAL DEMANDED\*** |
| **PLANO SYNERGY HOLDINGS, INC.** | : | |
| **HEARTLAND AMERICA, INC.** | : | |
| | : | |
| Defendants | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Scott E. Kennedy (hereinafter referred to as "Plaintiff" unless indicated otherwise), by and through his undersigned attorneys, Hill and Associates, hereby complains as follows against Defendants, Barnett Outdoors, L.L.C., Plano Synergy Holdings, Inc., and Heartland America, Inc., as follows:

## JURISDICTION & VENUE

1.    Jurisdiction in this Court is asserted under the provisions of 28 U.S.C. Sections 1332(a)(1) and 1332 (c)(1).

2.    Venue is appropriately laid in this Court pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events giving rise to these claims occurred in Bucks County, Pennsylvania which is wholly within the boundaries of the Eastern District of Pennsylvania.

## PARTIES

3.    Plaintiff reincorporates all preceding paragraphs.

1

4.     Plaintiff, Scott E. Kennedy, is an adult individual and resident of the Eastern District of Pennsylvania with an address at 1418 Arbutus Avenue, Langhorne, Bucks County, Pennsylvania 19047.

5.     Defendant, Barnett Outdoors, LLC ("Barnett"), is a limited liability corporation with a principle place of business located at 955 Live Oak Street, Tarpon Springs, Florida, 34689.

6.     Defendant, Plano Synergy Holdings, Inc. ("Plano Synergy") is a Delaware corporation headquartered at 431 East South Street, Plano, Illinois, 60545.

7.     Defendant, Heartland America, Inc. ("Heartland America"), is a corporation with a principle place of business located at 8085 Century Boulevard, Chaska, Minnesota, 55318.

8.     At all relevant times, Defendants Barnett and Plano Synergy were in the business of designing, manufacturing, assembling and selling crossbows.

9.     At all relevant times, Defendants Barnett and Plano Synergy intended for their crossbows to reach consumers throughout the continental United States.

10.    In this regard, Defendants Barnett and Plano Synergy intended, desired and expected that the crossbows in question would enter into the stream of commerce and ultimately be sold to consumers in the Eastern District of Pennsylvania.

11.    On information and belief, crossbows designed, manufactured, assembled and sold by Defendants Barnett and Plano Synergy are sold in retail establishments located throughout the Commonwealth of Pennsylvania.

12.    Defendants Barnett and Plano Synergy reach customers in Pennsylvania through their marketing, direct sales and/or sales effectuated via the assistance of third parties.

13.    Defendant, Barnett maintains a website advising owners and potential owners of their products of the legality of their bows in the Commonwealth of Pennsylvania.

14.     At all relevant times, Defendant Heartland America operated a mail-order catalog business selling, *inter alia*, hunting equipment and accessories, including crossbows.

15.     At all relevant times, Defendant Heartland America was in the business of selling, *inter alia*, hunting equipment and accessories, including crossbows manufactured by Defendants Barnett and Plano Synergy.

16.     Defendant Heartland America routinely caused catalogs advertising products – including products manufactured by Defendants Barnett and Plano Synergy - to be delivered to current and potential customers in Pennsylvania.

17.     Defendant Heartland America routinely contracted with citizens of Pennsylvania to arrange for the shipment and delivery of products manufactured by Defendants Barnett and Plano Synergy into the Commonwealth of Pennsylvania.

18.     In this personal injury action, the amount in controversy is in excess of $75,000.00 for the reasons further set forth below.


## FACTUAL BACKGROUND

19.     Plaintiff reincorporates all preceding paragraphs.

20.     Defendants Barnett, Plano Synergy and Heartland America have decades of experience in the design, manufacture, marketing, assembly, sale and shipment of crossbows throughout the United States of America.

21.     On or before October 9, 2012, Defendants Barnett and Plano Synergy sold or otherwise placed one or more Barnett Quad 400 Crossbows (also "the product") into the stream of commerce.

22.     On or before October 9, 2012, Defendant Heartland America began to sell or

3

facilitate the sale of Barnett Quad 400 Crossbows on behalf of or with the knowledge and acquiescence of, Defendant Barnett.

23.     Regardless of the actual relationship between Defendant Heartland America and Defendants Barnett and Plano Synergy in this regard, Defendant Heartland America played an integral role in arranging for the sale and delivery of Barnett Crossbows to consumers in Pennsylvania.

24.     On or about October 9, 2012, the Plaintiff contracted with Defendant Heartland America to purchase a Barnett Quad 400 Crossbow that was manufactured by Defendants Barnett and Plano Synergy, bearing product no. 65504.

25.     This contract benefited Defendant Heartland America and Defendants Barnett and Plano Synergy financially.

26.     After receiving payment, Defendant Heartland America sent or arranged for the shipment of a Barnett Quad 400 Crossbow to the Plaintiff's residence in the Eastern District of Pennsylvania.

27.     Plaintiff Kennedy received the crossbow in the same condition and/or substantially same condition as when it left the possession of Defendants Heartland America, Barnett and Plano Synergy.

28.     On or about October 31, 2017, Plaintiff, Scott E. Kennedy, was hunting his Barnett Quad 400 Crossbow in Bucks County, Pennsylvania, within the Eastern District of Pennsylvania.

29.     On that date, the bowstring snapped forward striking a portion of the Plaintiff's left thumb, resulting in a  partial traumatic transphalangeal amputation of the left thumb.

30.     The injury required surgical attention, resulted in permanent scarring and/or disfigurement as well as pain and suffering for which the Plaintiff seeks just compensation.

4

## COUNT 1: PRODUCTS LIABILITY-DEFECTIVE DESIGN
## RESTATEMENT (SECOND) OF TORTS § 402A (1965)
### *Scott E. Kennedy v. All Defendants*

31.     The Plaintiff reincorporates all preceding paragraphs.

32.     The Quad 400 Crossbow manufactured and sold by Defendants Barnett, Plano Synergy and Heartland America to the Plaintiff was sold in a defective condition unreasonably dangerous to users or consumers because the crossbow was not equipped with a finger/thumb guard.

33.     These inexpensive and readily available thumb guards were not included with the product or as an option for the product at the time of Plaintiff's purchase.

34.     The purpose of a finger or thumb guard is to physically prevent the shooter's thumb or fingers from inadvertently rising into the path of the bowstring while he or she is using the crossbow.

35.     The absence of a finger or thumb guard is a design defect.

36.     At the time of the sale, Defendants Barnett, Plano Synergy and Heartland America were in the business of designing, manufacturing, assembling and selling crossbows including the Quad 400.

37.     Defendants Barnett, Plano Synergy and Heartland America knew or expected that crossbows they sold would reach users without substantial change in condition.

38.     The Barnett Quad 400 Crossbow did in fact reach the end user, *viz.*, Plaintiff Scott E. Kennedy without a substantial change in condition.

39.     At the time of the manufacture and sale of the bow to the Plaintiff, Defendants Barnett, Plano Synergy and Heartland America knew or should have known that amputations or partial amputations were likely to occur and further that these injuries could be prevented by the

inclusion of a finger guard.

40.    At the time of the manufacture and sale of the bow to the Plaintiff, Defendants Barnett, Plano Synergy and Heartland America had the benefit of years of actual knowledge that amputations or partial amputations caused by bowstrings were occurring but outrageously continued to sell crossbows in a defective condition with evil motive and/or reckless indifference.

41.    At the time of the manufacture and sale of the bow to the Plaintiff, Defendants Barnett, Plano Synergy and Heartland America had actual knowledge that other manufacturers were including finger or thumb guards in order to prevent these injuries.

42.    Inclusion of finger or thumb guards was not prohibitively expensive, would not have materially changed the product and would not have prevented the product's use for its intended purpose.

43.    While Defendants Barnett, Plano Synergy and Heartland America ultimately decided to revise the design to include a finger or thumb guard on new models, these Defendants continued to sell and push for the sale of the defective models to clear existing inventory.

44.    The decision to design, manufacture, assemble, market and sell crossbows in this defective condition irrespective of the known hazards was malicious, wanton, reckless disregard for the safety of the intended end users thereby warranting imposition of punitive damages.

45.    While using the bow in its defective condition on October 31, 2017, the Plaintiff sustained serious and permanent injuries, *viz.* partial traumatic transphalangeal amputation of the left thumb, requiring surgical intervention.

46.    The design defect was the factual and legal cause of the injury.

47.    At all relevant times, the Plaintiff was using the product for its intended purpose.

48.    The Plaintiff likewise sustained severe pain and suffering, loss of feeling and loss

6

of dexterity which inhibited his ability to perform his customary and usual duties.

49.     As a result of the design defect noted above, Plaintiff was forced to expend various sums of money on medical and related expenses.

50.     The Plaintiff likewise suffered permanent disfigurement notwithstanding timely medical intervention.

**WHEREFORE**, Plaintiff requests judgment against the Defendants for compensatory damages, punitive damages, and pain and suffering in an amount in excess of $75,000.00.

### COUNT 2: NEGLIGENCE
### Scott E. Kennedy v. All Defendants

51.     Plaintiff reincorporates all preceding paragraphs.

52.     At all relevant times, Defendants Barnett, Plano Synergy and Heartland America were operating under a duty to exercise reasonable care in the design, manufacture and distribution and sale of crossbows to the public.

53.     The Defendants breached the above-referenced duty by:

      a.  Manufacturing, designing   and assembling an unreasonably dangerous product;

      b.  Failing to equip the crossbow in question with the appropriate safety device(s), to wit, a finger/thumb guard;

      c.  Selling an unreasonably dangerous product; and

      d.  Placing an unreasonably  dangerous product into the stream of commerce

54.     The Defendants' breach was outrageous, evidencing evil motive and/or reckless indifference in light of knowledge of serious, permanent injuries previously sustained by users.

55.     The product in question reached the Plaintiff here in the Eastern District of Pennsylvania.

56.    The Plaintiff received the product in the same condition or substantially the same condition as when it left the control of the Defendants.

57.    As a result of this breach, the Plaintiff, Scott E. Kennedy, suffered severe and permanent injuries, *viz.* a partial traumatic transphalangeal amputation of the left thumb, while using the negligently designed product as more fully described above.

**WHEREFORE**, Plaintiff requests an award of compensatory and punitive damages in an amount in excess of $75,000.00 for the continuing unlawful intrusion, temporal loss of value, costs incurred and pain and suffering, all of which are the direct and proximate result of the Defendant's tortious conduct.

Respectfully submitted,

**HILL AND ASSOCIATES**

By:_____

**LEONARD K. HILL**
**JASON JAVIE**
**1700 Market Street**
**Suite 3150**
**Philadelphia, Pennsylvania 19103**
**(215) 567-7600**
**(215) 405-2724 (fax)**
**leonard@hilljustice.com**
**jason@hilljustice.com**
**Attorneys for the Plaintiff**

Dated: September 4, 2019

8

## **VERIFICATION**

The undersigned states that he/she is the plaintiff herein and verifies that the statements

made in the foregoing Complaint-Civil Action is true and correct to the best of his/her

knowledge, information and belief; and that this statement is made subject to the

penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.


DATED: Sept 4 ,2019       X Signature _____

                          Print Name SCOTT E. KENNEDY